UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
VIVIANA SIMON

                Plaintiff,        12-CV-6381

     v.                           **DECISION AND ORDER**

MICHAEL J. ASTRUE[1],
COMMISSIONER OF SOCIAL SECURITY,

                Defendant,
_____

     Plaintiff, Viviana Simon ("Plaintiff"), brought this action seeking a reversal of the decision of the Commissioner of Social Security ("Commissioner"), denying her application for benefits. In a Decision and Order dated August 13, 2013, this Court remanded the case to the Social Security Administration for further proceedings. (Docket No. 13.). Specifically, the Court found that the Administrative Law Judge ("ALJ") failed to fully develop the record by failing to contact Plaintiff's treating physicians for information, without which an informed decision on her application could not have been made. The Court directed that Plaintiff's treating physicians be contacted before a final decision on her application is rendered.

     Plaintiff now requests attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. Section 2412(d)(1)(A), in the amount of $8,667.75, representing 44.9 attorney hours spent

---

[1] At the time this case was filed, Michael J. Astrue was the Commissioner of Social Security. On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of Social Security.

representing the Plaintiff before this Court and at the administrative level, including the hours spent preparing the instant motion and replying to the Commissioner's opposition. The Commissioner opposes an award of fees, contending that its position was "substantially justified," such that a fee award is not permitted under the EAJA. Further, the Commissioner contends that if the Court should find that a fee award is appropriate, Plaintiff's request is excessive and should be reduced. For the reasons set forth herein, this Court grants Plaintiff's application for attorney's fees and finds that the amount of fees requested is reasonable. Accordingly, the Commissioner is directed to pay the Plaintiff $8,667.75 in attorney's fees.

## **DISCUSSION**

The EAJA provides in relevant part that:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, . . . incurred by that party in any civil action . . . brought by or against the United States . . .unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

To overcome an application for attorney's fees under the EAJA, the Commissioner must demonstrate that it's position was "substantially justified" by making a "strong showing" that its decision was reasonable. See Cohen v. Bowen, 837 F.2d 582, 585 (2d

Cir. 1988.) The reasonableness standard requires that the Commissioner show that its decision "has a reasonable basis in law and fact," but does not require that the Commissioner have prevailed in the case. Id.

Here, the Commissioner argues that its position was substantially justified because Plaintiff's attorney indicated at the administrative hearing that he would secure any records from Plaintiff's treating physicians and because the ALJ held the record open for 14 days. After the 14 day period, the Commissioner argues, the ALJ could have reasonably believed that the record was adequately developed, having received nothing additional from the Plaintiff's attorney. This Court held, however, that the fact that the Plaintiff was represented and that the ALJ held the record open for 14 days for the Plaitniff's attorney to supplement the record, did not relieve the ALJ of his affirmative duty to develop the record. Accordingly, the Court found that the ALJ's decision was not supported by substantial evidence because the ALJ failed to gather the evidence from Plaintiff's treating physicians which was necessary for the ALJ to make a fully informed decision.

The Court finds that this legal error undermines the Commissioner's position that its decision was substantially justified. The ALJ could not have made a reasonable finding based on a record which lacked evidence from the Plaintiff's treating sources, when the ALJ failed to develop the record to gather such

information, as is required under the regulations. See e.g. Mills v. Colvin, 2013 WL 1499606, *2 (N.D.N.Y April 11, 2013)(Sharpe, C.J.) (holding that the Commissioner's failure to develop the record was not reasonable and an award of EAJA fees was warranted). Therefore, the Court grants Plaintiff's motion for an award of EAJA fees.

The Court must also determine if the attorney's fees requested by the Plaintiff are reasonable, which remains the burden of the fee applicant. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Alnutt v. Cleary, 27 F.Supp.2d 395, 399 (W.D.N.Y. 1998). In this Circuit, "[t]he lodestar approach governs the initial estimate of reasonable fees." See Grant v. Martinez, 973 F.2d 96, 99 (2d Cir.1992). Under this approach, "the number of hours reasonably expended on the litigation [are] multiplied by a reasonable hourly rate." See Hensley, 461 U.S. at 433; Grant, 973 F.2d at 99. The Court has broad discretion to determine the amount of time reasonably expended. See Aston v. Sec'y. of Health and Human Serv., 808 F.2d 9, 11 (2d Cir. 1986). The Court is not required to "scrutinize each action taken or the time spent on it" when determining what is reasonable. See Aston, 808 F.2d at 11; see also New York Ass'n for Retarded Children v. Carey, 711 F.2d 1136, 1146 (2d Cir. 1983). District courts in this Circuit have held that a routine social security case requires from twenty to forty hours of attorney time. See e.g., Cruz v. Apfel, 48 F.Supp.2d 226, 230

(E.D.N.Y. 1999); Grey v. Chater, 1997 WL 12806 at *1 (S.D.N.Y. 1997); Greenidge v. Barnhart, 2005 WL 357318 at note 16 (N.D.N.Y 2005). But courts do not hesitate to find that time in excess of twenty to forty hours is reasonable where the circumstances warrant such a finding. See Cosgrove v. Barnhart, 435 F.Supp.2d 218, 220 (W.D.N.Y. 2006)(citing cases). Further, this time may include the time spent on EAJA fee applications. See Trichilo v. Secretary of Health and Human Services, 823 F.2d 702, 708 (2d Cir. 1987).

Here, Plaintiff requests attorney's fees in the amount of $8,667.75, representing 44.9 hours of work at the EAJA statutory rate ($125) adjusted, as permitted, by cost of living increases to $188.65 for work performed in 2012 and $190.75 for work performed in 2013. After reviewing the Plaintiff's application, the Court finds that Plaintiff's request is reasonable. The amount requested by the Plaintiff exceeds the amount typically approved by courts in this circuit by only 4.9 hours, which includes the time spent on preparing this fee application. The Court has reviewed the affidavit of Plaintiff's attorney, Howard D. Olinsky, and does not find that the time spent on this case before this Court or at the administrative level is excessive. Accordingly, the Court grants Plaintiff's request for attorney's fees in the amount of $8,667.75.

## **CONCLUSION**

For the reasons set forth herein, this Court finds that Plaintiff is entitled to an award of attorney's fees under the EAJA

and that the amount of fees requested is reasonable. Accordingly, the Commissioner is directed to pay Plaintiff $8,667.75.

**ALL OF THE ABOVE IS SO ORDERED.**

 s/ Michael A. Telesca  
MICHAEL A. TELESCA  
United States District Judge

Dated: Rochester, New York
       December 4, 2013